# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DANIEL J. PEARLMAN,

      Plaintiff,

v.                                                                                                 No. CIV 00-1475 BB/RLP

REBECCA VIGIL-GIRON, Secretary of State, State of New Mexico,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of Plaintiff's request for a temporary restraining order ("TRO"). Plaintiff attempted to become a write-in candidate for the office of President of the United States, and his attempt was rejected by Defendant or Defendant's staff. Plaintiff asks this Court for an immediate writ of mandamus directing Defendant to re-issue the general election ballots, for the upcoming general election scheduled for November 7, 2000. Plaintiff requests that the re-issued ballots contain a blank space for a write-in candidate's name, in the section for Presidential candidates, so voters may write his name in if they so wish. The Court has considered Plaintiff's request and the applicable law, and for the reasons below the Court declines to issue the requested TRO.

This Court has discretion to grant or deny a request for TRO or preliminary injunction. *See Ladd v. Hannigan*, 1997 WL 139743 (10th Cir. 1997). The factors to be considered in making this decision include the likelihood that Plaintiff will prevail on the merits, whether Plaintiff will suffer irreparable injury if the injunction or TRO does not issue, whether this threatened injury outweighs the injury the opposing party will suffer if the TRO or injunction does issue, and whether an

injunction would be adverse to the public interest. *See id.* Consideration of these factors, and particularly the latter two, leads this Court to the conclusion that issuance of the TRO would be inappropriate.

At this time, the resolution of the first factor, the likelihood Plaintiff will prevail on the merits, is unclear. Plaintiff has previously been involved in litigation in this court, before a different District Judge, involving a different election. In that case, this court issued an opinion indicating Defendant had violated Plaintiff's constitutional rights by refusing to allow him to be a write-in candidate for governor of New Mexico. *Pearlman v. Gonzales*, No. CIV 98-1160 MV/WWD. However, this court also held the Eleventh Amendment barred Plaintiff's action, because "management of the election for the highest elected official of the state" implicates special sovereignty interests of the State of New Mexico. *Id.* Plaintiff apparently believes management of the election for President of the United States does not implicate such interests, but the Court is not prepared at this time to say his position is correct.

Whether or not Plaintiff might ultimately prevail in this litigation, however, it is clear he cannot satisfy the third and fourth factors of the test outlined above. Plaintiff did not file this action and his request for TRO until October 24, 2000, a mere two weeks prior to the general election. The relief he requests is that the State withdraw all general election ballots that have already been printed, and re-issue them in a new form. The Court takes judicial notice that both the absentee balloting process and the early voting process have already begun, and had begun even before Plaintiff filed his complaint and request for TRO. Obviously considerable public expense and effort would be required to implement Plaintiff's requests at the eleventh hour. The public interest will be substantially harmed, therefore, if Defendant is ordered to halt the on-going voting and re-issue general election ballots. In addition, this harm to the State, to the general public, and to the voters

who have already voted will far outweigh the harm Plaintiff will suffer if he is not allowed to run as a write-in candidate for President in this general election. The Court will therefore deny the requested TRO. *See Grogan v. Graves*, 1990 WL 182373 (D.Kan. 1990) (even though state conceded write-in voting statutes were unconstitutional, court denied immediate injunctive relief due to short time available before general election; requiring changes to election process at such late hour would create potential for voter confusion, disrupt election process, and place unreasonable demands on state and local election officials); *Christian Populist Party of Arkansas v. Secretary of State of the State of Arkansas*, 650 F.Supp. 1205, 1208-10 (E.D.Ark. 1987) (denying request for preliminary injunctive relief in write-in-candidate case because burden on election officials, given temporal proximity of election, far outweighed potential harm to would-be candidate). Plaintiff's request for permanent injunctive relief, concerning future elections, will be considered in the normal course of cases filed in this Court.

ORDER

A Memorandum Opinion having been filed this date, it is hereby Ordered as follows: Plaintiff's request for TRO is hereby DENIED.

Dated this 25th day of October, 2000.

_____
BRUCE D. BLACK
United States District Judge

**ATTORNEYS**:

**For Plaintiff**:
Daniel J. Pearlman, pro se
P.O. Box 3293
Taos, New Mexico 87571